**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES O. LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO. 10-CV-02393 - ODE |
| | ) | |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.

The classification of the cause of action being filed is as follows:

**This is a breach of contract action by Plaintiff James O. Lloyd ("Mr. Lloyd") seeking reformation of Homeowners Policy No. 931364544 (the "Policy of Insurance ") that was issued by the Defendant Allstate Property & Casualty Insurance Company( "Allstate")  for the dwelling located at 4347**

**Star Creek Rd., Morganton, Georgia 30560 (the "Insured Premises"). Plaintiff seeks to enforce his contractual rights under the Policy following the fire loss that occurred at the Insured Premises on June 28, 2009 and if necessary the reformation of the Policy of Insurance.**

A brief factual outline of the case, including Plaintiff's contentions as to what Defendant failed to do, is as follows:

**Mr. Lloyd obtained the Policy of Insurance from Allstate as the result of an agreement that he made with Mr. David Grice ("Mr. Grice") in late 2007. At this time Mr. Grice was the owner of the Insured Premises. Mr. Grice requested a loan from Mr. Lloyd to avoid the foreclosure of the mortgage on the Insured Premises. In response to this request, Mr. Lloyd obtained a commitment from the United Community Bank to make the loan provided that Mr. Lloyd secured the loan with a first mortgage ( the " Loan"). Mr. Grice agreed to pay Mr. Lloyd a fee for obtaining the Loan and agreed that legal title to the Insured Premises would be transferred to Mr. Lloyd who would then deliver the mortgage required by the United Community Bank. The agreement between Mr. Lloyd and Mr. Grice provided that when Mr. Grice paid the sums due the United Community Bank that Mr. Lloyd would transfer back the legal title to the Insured Premises to Mr. Grice. Mr. Lloyd**

**further agreed that Mr. Grice would continue to occupy the Insured Premises during the term of their agreement.**

**The Loan was closed on December 4, 2007 and the Policy of Insurance was obtained from Allstate for the purpose of complying with the requirements of United Community Bank for making the Loan. The application for the Policy of Insurance was made at the Thomas Insurance Agency as agent for Allstate. Mr. Lloyd understood that as a result of his discussions with the representative of the Thomas Insurance Agency that the application that was prepared by the Thomas Insurance Agency was appropriate for the purpose of obtaining the correct policy of insurance from Allstate. During this discussion, the agent of the Thomas Insurance Agency was aware that Mr. Grice would be occupying the Insured Premises.**

**On June 28, 2009, a fire occurred at the Insured Premises (the "Loss"). Following the Loss, Mr. Lloyd submitted a Proof of Loss to Allstate. On or about April 23, 2010, Allstate declined to honor its obligations under the Policy of Insurance to either pay Mr. Lloyd for the damage to the Insured Premises, or to rebuild or replace the Insured Premises. Allstate has further failed to pay the United Community Bank the sums due under the Loan pursuant to the provisions of the Policy of Insurance.**

A succinct statement of the legal issues in the case is as follows:

- **Whether the Policy of Insurance can be reformed.**
- **Whether the Policy of Insurance is enforceable as written.**
- **Whether Allstate has any affirmative defenses to the enforcement of the claims of Mr. Lloyd under the Policy of Insurance.**
- **Whether Mr. Lloyd held title to the Insured Premises subject to the right of Mr. Grice to obtain the transfer back of the title to the Insured Premises upon payment of the sums due the United Community Bank.**
- **If the Policy is enforceable, the measure of damages of the claims of Mr. Lloyd.**
- **Whether the Policy of Insurance is void *ab initio* as contended by Allstate.**

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Plaintiff contends that the applicable statutes and the illustrative case law that is applicable to this action are as follows:**

- **O.C.G.A. §§ 23-2-21, 53-12-21, 53-12-22;**

- *Georgia Farm Bureau Mutual Insurance Co. v. Wall*, **249 S.E.2d 588 (1978); and**

- *Epps v. Epps*, **209 Ga. 643, 75 S.E.2d 165 (1953)**

(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

### See Attachment "A."

(4)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**Plaintiff has not identified any experts under Rules 702, 703 or 705. When Plaintiff identifies an expert, it will supplement this response.**

(5)  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for

impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

### See Attachment "C."

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Plaintiff seeks the full value of the Policy.**

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Not applicable.**

(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**Not applicable.**

This 15th day of September, 2010.

                              **RACHELSON & WHITE,**
                              *a Professional Corporation*

                                  s/ Ira L. Rachelson
                     By: _____
                                Ira L. Rachelson
                                Georgia State Bar No. 591700
                                *Attorneys for Plaintiff*

Three Ravinia Drive, Suite 450
Atlanta, Georgia 30346
Phone:     (770) 698-0700
Facsimile: (770) 698-0071

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing **Plaintiff's Initial Disclosures** upon counsel for all parties via CM/ECF electronic filing system addressed as follows:

Marvin D. Dikeman, Esq.
Webb, Zschunke, Neary & Dikeman, LLP
One Securities Centre, Suite 1210
3490 Piedmont Road, NE
Atlanta, GA  30305

This 15th day of September, 2010.

                                              **RACHELSON & WHITE,**
                                              *a Professional Corporation*

                                                    s/ Ira L. Rachelson
                          By:  _____
                                      Ira L. Rachelson
                                      Georgia State Bar No. 591700
                                      *Attorneys for Plaintiff*

Three Ravinia Drive, Suite 450
Atlanta, Georgia 30346
Phone:    (770) 698-0700
Facsimile: (770) 698-0071

## ATTACHMENT "A" TO PLAINTIFF'S INITIAL DISCLOSURES

List of persons that are likely to have discoverable information that Plaintiff may use to support his claims in this action:

1. Plaintiff: James Lloyd – Mr. Lloyd may be contacted through Plaintiff's counsel.

2. Plaintiff's wife: Pam Lloyd – Mrs. Lloyd may be contacted through Plaintiff's counsel.

3. David Grice – the address of Mr. Grice is not presently known by the Plaintiff. Plaintiff believes the address of Mr. Grice is known by counsel for Defendant.

4. Kimberly Grice – the address of Kimberly Grice is not presently known by the Plaintiff. Plaintiff believes the address of Mrs. Grice is known by counsel for Defendant.

5. Employees of United Community Bank, Inc., including but not limited to:

    a. Brandon Holloway
    b. Johnny Chastain
    c. Donna Tipton
    d. Audrey Beavers
    e. Anita Weaver

    Business address: 4000 Appalachian Highway
    Blue Ridge, GA  30513
    Phone:  706-632-6000

6. Insurance agent that prepared the application for the Policy:

    Florese Cash
    1656 Bear Meat Creek Road
    Hiawassee GA 30546
    Phone: 706-896-4787

7.  Thomas Insurance Agency (agency that issued the Policy):

    594 E. Main Street
    Blue Ridge, GA  30513
    Phone:  706-632-2274

8.  Fire Marshal and Investigators that investigated the fire that occurred at the Insured Premises, including but not limited to:

    a.  W. Jerry Parrish – address is not known by Plaintiff at this time.
    b.  Lt. Moorman – address is not known by Plaintiff at this time.

9.  Attorney that conducted closing of loan for Plaintiff's purchase of the Insured Premises:

    R. Scott Kiker, Esq.
    200 West 1st Street
    Blue Ridge, GA 30513
    Phone:  706-258-3090

10. Real Estate agent with whom Plaintiff listed the Insured Premises for sale prior to the Loss:

    Tanya Patterson / ReMax
    661 Appalachian Highway
    Blue Ridge, GA  30513
    Phone:  706-258-5550

11. Real Estate agent with whom David Grice attempted to list the Insured Premises for sale:

    Nancy McClain / Century 21: address is not known by Plaintiff at this time.

12. Allstate Insurance Adjuster:  Debra Hatfield - Plaintiff believes the address of Ms. Hatfield is known by counsel for Defendant.

13. Allstate Property & Casualty Insurance Company

14. Unknown Agents of Allstate Property & Casualty Insurance Company

## ATTACHMENT "C" TO PLAINTIFF'S INITIAL DISCLOSURES

Description by category and location of documents that Plaintiff may use to support his claims in this action:

1. Allstate Property and Casualty Insurance Company Application No. 000162733782267 executed by James Lloyd and Florese Cash on December 3, 2007. (A copy of the document is in possession of counsel for Plaintiff. Defendant is believed to have the original of the document.)

2. Allstate Property and Casualty Insurance Company Evidence of Insurance executed by Florese Cash on December 3, 2007. (A copy of the document is in possession of counsel for Plaintiff. Defendant is believed to have a copy of the document.)

3. Allstate Property and Casualty Insurance Company Deluxe Plus Homeowners Policy Renewal Notices and Policy Declarations for Policy No. 931364544 for policy periods December 2008 through December 2010. (Copies of the documents are in possession of counsel for Plaintiff. Defendant is believed to have copies of the documents.)

4. Payment Receipts issued by Thomas Insurance Agency to James Lloyd for premiums paid for Allstate Property and Casualty Insurance Company Policy No. 931364544 during 2008 through 2010. (Copies of the documents are in possession of counsel for Plaintiff. Defendant is believed to have copies of the documents.)

5. Homeowners Policy Bills and Payment History issued by Allstate Property and Casualty Insurance Company to James Lloyd for policy period 2009 through 2010. (Copies of the documents are in possession of counsel for the Plaintiff. Defendant is believed to have copies of the documents.)

6. Copy of notice from Allstate Property and Casualty Insurance Company to James Lloyd regarding change in premium for Policy No. 931364544, effective as of May 6, 2010. (A copy of the document is in possession of counsel for the Plaintiff. Defendant is believed to have a copy of the document.)

7. Copy of Allstate Property and Casualty Insurance Company Deluxe Plus Homeowners Policy marked "Sample Document". (A copy of the document is in possession of counsel for Plaintiff. Defendant is believed to have a copy of the document.)

8. Sealed envelope postmarked December 17, 2007 from Allstate Property and Casualty Insurance Company to James Lloyd. (The original sealed envelope is in possession of counsel for Plaintiff. Defendant is believed to have a copy of the document.)

9. Copies of correspondence from Allstate Property and Casualty Insurance Company to James Lloyd following the Loss, including but not limited to:

    a. Letter dated July 9, 2009, from Debra Hatfield of Allstate to James Lloyd enclosing Sworn Statement in Proof of Loss form and Personal Property Inventory Loss form for completion by James Lloyd.
    b. Non-Waiver Agreement-Property Lines form executed by James Lloyd on July 10, 2009 and witnessed by Debra Hatfield.
    c. Letter dated July 24, 2009, from Audrey Brady of Allstate to James Lloyd regarding status of claim and investigation of Loss.
    d. Letter dated April 23, 2010, from Christopher Coleman of Allstate to James Lloyd regarding status of claim and investigation of Loss.
    e. Letter dated May 4, 2010, from Allstate to James Lloyd and United Community Bank voiding the Policy effective December 4, 2007.

    (Copies of the documents listed above are in the possession of counsel for Plaintiff. Defendant is believed to have the original or copies of the documents.)

10. Copy of Sworn Statement in Proof of Loss executed by James Lloyd on July 24, 2009, and attachment thereto. (A copy of the document is in possession of counsel for Plaintiff. Defendant is believed to have the original of the document.)

11. Copy of Amendment to Sworn Statement in Proof of Loss executed by James Lloyd on February 25, 2010. (A copy of the document is in possession of counsel for Plaintiff. Counsel for the Defendant is believed to have the original of the document.)

12. Copy of Mortgage/Finance Company Information sheet submitted to Allstate following the Loss. (A copy of the document is in possession of counsel for Plaintiff. Defendant is believed to have a copy of the document.)

13. Copy of transcript of Recorded Statement of James Lloyd taken on July 2, 2009 by Debbie Hatfield of Allstate. (A copy of the document is in possession of counsel for Plaintiff. Counsel for Defendant is believed to have the original or copy of the document.)

14. Copy of transcript of Statement Under Oath of James Lloyd taken on November 4, 2009. (A copy of the document is in possession of counsel for Plaintiff. Counsel for Defendant is believed to have the original of the document.)

15. Copy of Errata Sheet for Statement Under Oath of James Lloyd executed by James Lloyd on February 25, 2010. (A copy of the document is in possession of counsel for Plaintiff. Counsel for Defendant is believed to have the original of the document.)

16. Listing Information Sheet and Exclusive Seller Listing Agreement between James Lloyd and ReMax Around the Mountains dated June 25, 2009, and executed by James Lloyd on June 26, 2009. (A copy of the document is in possession of counsel for Plaintiff.)

17. Property Change Report by ReMax Around the Mountains executed by James Lloyd on June 29, 2009. (A copy of the document is in possession of counsel for Plaintiff.)

18. Two CDs containing photos of the Property taken by Tanya Patterson of ReMax Around the Mountains. (The CDs are in possession of counsel for Plaintiff.)

19. Copies of closing documents and related records pertaining to the loan(s) made by United Community Bank to James Lloyd for the purchase of the Property, including but not limited to:

   a.   Settlement Statement dated December 3, 2007.

b. Promissory Noted dated December 3, 2007 from James Lloyd to United Community Bank in the principal amount of $250,000.00.
c. Warranty Deed from John David Grice and Kimberly Grice to James Lloyd dated December 3, 2007.
d. Security Deed from James Lloyd to United Community Bank dated December 3, 2007, and any subsequent modifications thereto.
e. Promissory Note dated September 26, 2008 from James Lloyd to United Community Bank in the amount of $350,777.00.
f. Checks issued by United Community Bank in September 2008 as disbursement of loan proceeds.
g. Promissory Note dated December 28, 2009 from James Lloyd to United Community Bank in the principal amount of $351,193.00.
h. Loan Payment Notices issued by United Community Bank to James Lloyd.
i. Checks issued by James and/or Pam Lloyd to United Community Bank for Loan Payments.
j. Computer generated "Note Inquiry" printouts reflecting Loan activity and payments made to United Community Bank.
k. Appraisal dated October 1, 2008 for James Lloyd / United Community Bank / James Lloyd regarding 2.5 Acres on Star Creek Road with 2 metal buildings and shed.
l. Appraisal dated August 28, 2007 for David Grice / United Community Bank regarding house and property on Star Creek Road.
m. Loan Disbursement Requests and Authorizations.
n. Loan Approval Reports.
o. Loan Request Memos.
p. Loan Boarding Data Sheets.

(Copies of the documents listed above are in the possession of counsel for Plaintiff.)

20. Copy of Advalorem Tax Bills and receipts issued by Fannin County Tax Commissioner. (A copy of the document is in the possession of counsel for Plaintiff.)

21. Copy of email dated November 30, 2009 from April Hayes with Georgia Insurance and Safety Fire Commissioner's Office with copy of initial fire

loss investigation report by W. Jerry Parrish and Lt. Moorman. (A copy of the document is in possession of counsel for Plaintiff.)